**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 13, 2016

Ephelyn Victoria Smith
553 Dolphin Street
Baltimore, Maryland 21217

Jay C. Hinsley, Esq.
Social Security Administration
Altmeyer Building
6401 Security Blvd Rm 617
Baltimore, MD 21235

      RE:   *Ephelyn Victoria Smith v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-1062

Dear Ms. Smith and Counsel:

      On July April 13, 2015, Plaintiff Ephelyn Victoria Smith petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income benefits. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 19). Ms. Smith, who appears *pro se*, has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Smith protectively filed a claim for Supplemental Security Income ("SSI") on January 12, 2010. (Tr. 18, 192-95). She alleged a disability onset date of December 28, 2009. (Tr. 192). Her claim was denied initially and on reconsideration. (Tr. 77-82). A hearing was held on June 4, 2013, before an Administrative Law Judge ("ALJ"), at which Ms. Smith appeared unrepresented. The ALJ granted Ms. Smith a postponement to allow her time to find representation. (Tr. 38-39). A second hearing was held before the ALJ on August 1, 2013, at which Ms. Smith was represented. (Tr. 41-73). Following the hearing, the ALJ determined that Ms. Smith was not disabled within the meaning of the Social Security Act during the relevant

---

[1] A Rule 12/56 letter was mailed to Ms. Smith on October 6, 2015, notifying her that the Commissioner had filed a Motion for Summary Judgment, and that she had seventeen (17) days from the date of the letter to file a response. (ECF No. 20). The letter further informed her that failure to file a response could result in dismissal of her case or an entry of judgment against her without further notice. *Id.*

time frame. (Tr. 18-31). The Appeals Council denied Ms. Smith's request for review, (Tr. 8-12), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Smith suffered from the severe impairments of mood disorder (not otherwise specified), dysthymic disorder, personality disorder, diabetes mellitus, peripheral neuropathy, obesity, knee degenerative joint disease, and degenerative disc disease. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Smith retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant requires the option to change positons at the work station from sitting to standing at will. The claimant can perform work requiring occasional stooping, twisting, crouching, kneeling, crawling, balancing and climbing stairs and ramps, but no climbing ladders, ropes or scaffolds. The claimant can understand, remember, and carry out simple instructions but would be unable to perform work requiring independent planning or goal setting; the claimant can perform simple, routine tasks with only occasional required interaction with the public, supervisors and co-workers.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Smith could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 30-31).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Smith's favor at step one and determined that she has not engaged in substantial gainful activity since her original alleged onset date. (Tr. 20); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Smith claimed prevented her from working. (Tr. 20-21); *see* 20 C.F.R. § 416.920(a)(4)(ii). As noted above, the ALJ concluded that many of Ms. Smith's alleged impairments were severe. (Tr. 20).

At step three, the ALJ determined that Ms. Smith's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 21-23). The ALJ specifically considered the requirements of potentially applicable listings related to diabetes mellitus, including Listing 9.00(B)(5), and Listing 11.14 for peripheral neuropathy. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02, 1.04. In addition, the ALJ considered the requirements

of Listings 1.02 and 1.04 for degenerative joint and degenerative disc disease, respectively, Listing 12.08 for personality disorder, and Listing 12.04 for mood and dysthymic disorder. *Id.* The ALJ appropriately reviewed each relevant listing and provided "explanation connecting [her] determination to that of [the claimant's] failure to meet the listing impairment[s]." *Fox v. Colvin*, No. 14-2237, 2015 WL 9204287, at *3-*5 (4th Cir. Dec. 17, 2015). Thus, I find no error at step three of the ALJ's decision.

In considering Ms. Smith's RFC, the ALJ summarized her subjective complaints that she was prevented from working by the effects of diabetes, osteoarthritis, and back pain, including her testimony that her body "locks up and she has frequent urination." (Tr. 24). However, the ALJ determined that Ms. Smith's subjective complaints were not entirely credible. The ALJ noted that Ms. Smith has relatively extensive activities of daily living, including cooking and cleaning as much as she can, shopping for her own food, taking care of her own personal hygiene, and managing her own finances. *Id.* The ALJ also noted objective findings contradicting Ms. Smith's alleged limitations. Specifically, the ALJ cited evidence that Ms. Smith's blood glucose levels were relatively stable, and that her diabetes had been classified as "controlled" by treating physicians. (Tr. 25). In addition, the ALJ noted mild findings in diagnostic images of Ms. Smith's knees, improvement of her back pain with physical therapy, and findings by a consultative examiner that she had full strength in all extremities and required no assistive aid to ambulate. (Tr. 26). Regarding Ms. Smith's mental impairments, the ALJ noted that Ms. Smith continued to do well even after ceasing her use of psychiatric medication in 2006, well before her alleged onset date. *Id.* Ultimately, the ALJ found that although Ms. Smith's "mood vacillates, her mental status examinations remain relatively normal, showing that she is still able to function even when her mood is low," and that "the treatment notes do not show periods of severe symptoms or instability." (Tr. 26-27).

Finally, in assessing Ms. Smith's RFC, the ALJ considered the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "significant weight" to the opinions of the State agency medical consultants who reviewed Ms. Smith's physical impairments at the reconsideration level and found that she was limited to light work as a result of her knee osteoarthritis, diabetes, and obesity. (Tr. 28). These findings were consistent with Ms. Smith's treatment records, and the ALJ also noted that they were consistent with the findings of Dr. Saluja, a consultative examiner. *Id.* The ALJ did not weigh Dr. Saluja's opinion. However, given the ALJ's reliance on Dr. Saluja's opinion in assigning significant weight to the State agency opinions at reconsideration, (Tr. 28), I find the error to be harmless. Dr. Saluja specifically opined that Ms. Smith can walk three blocks before she gets short of breath, lift or carry ten pounds, stand for approximately 20 minutes due to knee pain, and sit for half an hour. (Tr. 369-70). Dr. Saluja also noted that she had no gait abnormality and did not require the use of an assistive device for ambulation. *Id.* Also relying on the same evidence, the ALJ assigned little weight to the State agency medical consultant who reviewed Ms. Smith's physical impairments at the initial level and found that she was capable of performing medium exertional work. (Tr. 28).

*Ephelyn Victoria Smith v. Commissioner, Social Security Administration*
Civil No. SAG-15-1062
January 13, 2016
Page 4

     Regarding Ms. Smith's mental impairments, the ALJ gave "significant" weight to the State agency medical consultants who reviewed Ms. Smith's mental impairments at both the initial and reconsideration levels. (Tr. 29). The ALJ found that the State agency findings were consistent with findings by treating sources throughout the record who rated Ms. Smith as having a Global Assessment of Functioning ("GAF") score between 55 and 60, which is indicative of moderate symptoms and moderate limitations in social and cognitive functioning. *Id.* The ALJ again noted that Ms. Smith has been relatively stable since ceasing the use of medication to treat her mental impairments. *Id.* Likewise, the ALJ gave "some" weight to the GAF score of 60 assessed by the psychiatric consultative examiner, Dr. Vaidya, finding that it was consistent with the record. *Id.* However, the ALJ noted that Dr. Vaidya's findings that Ms. Smith was "irritable and uncooperative" were not consistent with the record as a whole. *Id.* Finally, the ALJ noted that the opinion of Ms. Smith's treating therapist, Mr. Phillips, that Ms. Smith exhibits difficulties when symptomatic were of little relevance since notes from her treating psychiatrist, Dr. Adams, indicate that she was not symptomatic between 2010 and 2013 despite stopping her use of psychiatric medication. *Id.*

     My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Smith's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

     Next, at step four, the ALJ determined that Ms. Smith did not have any employment that met the requirements of past relevant work. (Tr. 30). Accordingly, the ALJ proceeded to step five, where she considered the impact of Ms. Smith's age and level of education on her ability to adjust to new work. (Tr. 30-31). Relying on the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that pursuant to Grid Rules 202.17, a younger individual with limited education, the ability to communicate in English, no transferrable skills, and a light RFC, is not disabled *per se*. (Tr. 30-31). Since the ALJ's RFC assessment contained additional limitations which impeded Ms. Smith's ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. Smith's particular assessment. (Tr. 66-67). The VE testified that a person with Ms. Smith's RFC would be capable of performing the jobs of final inspector, final assembler, and tester.[2] *Id.* Based on the VE's testimony, the ALJ concluded that Ms. Smith is capable of successfully adjusting to work that exists in significant numbers in the national economy. (Tr. 30-31). I find that the ALJ's determination was supported by substantial evidence.

---

[2] The VE further testified that Ms. Smith could perform jobs existing in significant numbers in the national economy even if she were limited to sedentary work with the same additional restrictions. (Tr. 67).

*Ephelyn Victoria Smith v. Commissioner, Social Security Administration*
Civil No. SAG-15-1062
January 13, 2016
Page 5

In addition to reviewing the ALJ's decision at each step of the sequential evaluation, I have also considered whether the ALJ's evaluation of Ms. Smith's mental impairments and resulting limitations meets the parameters set by the Fourth Circuit in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of the claimant's "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. Specifically, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id*. (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). Rather, it found that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Even so, the Mascio Court noted that an ALJ may be able to explain why a moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in the RFC assessment. *Id*.

In the instant case, the ALJ found that Ms. Smith had a moderate limitation in concentration, persistence, or pace at step three. (Tr. 22). In her RFC assessment, with respect to mental limitations, the ALJ found that Ms. Smith "can understand, remember, and carry out simple instructions but would be unable to perform work requiring independent planning or goal setting; the claimant can perform simple, routine tasks with only occasional required interaction with the public, supervisors[,] and co-workers." (Tr. 23). Standing alone, these limitations do not adequately account for Ms. Smith's moderate limitation in concentration, persistence, or pace under *Mascio*. However, the ALJ provided additional analysis of Ms. Smith's mental limitations, stating that "[o]nly when the claimant is symptomatic would she have difficulty with pace and persistence; her depressive symptoms can cause concentration deficits and cognitive impairment." (Tr. 27). Thus, the ALJ explicitly linked Ms. Smith's severe impairments of mood disorder and dysthymic disorder with cognitive impairment, which could reduce her ability to perform more than simple, routine tasks. The link between Ms. Smith's depression and cognitive impairment is mirrored in her other mental limitations, particularly in the ALJ's finding that she "would be unable to perform work requiring independent planning or goal setting." (Tr. 23). In addition, the ALJ also noted that Ms. Smith "currently seems stable," and that "the treatment notes do not show periods of severe symptoms or instability." (Tr. 27). Thus, I find that the ALJ provided adequate explanation for why Ms. Smith's moderate limitation in concentration, persistence, or pace does not result in additional mental limitations in the RFC assessment under *Mascio*.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Ephelyn Victoria Smith v. Commissioner, Social Security Administration*
Civil No. SAG-15-1062
January 13, 2016
Page 6

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                              Sincerely yours,

                                              /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge